UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUMARA K. HUBBERT,

       Petitioner,

v.                                   CASE NO. 04-CV-71018-DT
                                   HONORABLE JOHN CORBETT O'MEARA

PAUL H. RENICO,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY
AND
GRANTING PETITIONER'S APPLICATION
FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Petitioner has appealed the Court's opinion and order denying his habeas corpus petition. Currently pending before the Court are Petitioner's application for leave to proceed *in forma pauperis* on appeal and his motion for a certificate of appealability.

The habeas petition attacks Petitioner's state convictions for second-degree murder, MICH. COMP. LAWS § 750.317, assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, and felony firearm, MICH. COMP. LAWS § 750.227b. Although Petitioner raised several grounds for relief in the habeas petition, he seeks a certificate of appealability on only his first and ninth habeas claims. These claims read:

> I.     During trial the only African-American juror briefly spoke to an acquaintance he encountered in court, unaware at the time that the acquaintance was defense counsel's law clerk. The case was not discussed, and the jury testified his impartiality was not affected. In excusing the juror, the trial court abused its discretion and

    infringed Defendant's Sixth Amendment right to a jury composed
    of a fair cross-section of the community.

IX. The trial court treated Defendant's conviction as "in effect" a felony murder conviction carrying a mandatory life sentence, and therefore exceeded the sentencing guidelines in imposing a 40-60 years sentence for murder.  Defendant was denied his state and federal rights to due process of law and is entitled to resentencing.

## II. Discussion

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The first habeas claim alleges that the trial court violated Petitioner's constitutional right to a jury composed of a fair cross-section of the community when the court excused the only

African-American juror.  The Court found no merit in this claim, because Petitioner is not attacking the racial composition of the venirepersons called in his case.  He is challenging only the racial composition of the jurors who deliberated his case.  "Defendants are not entitled to a jury of any particular composition," and there is "no requirement that petit juries *actually chosen* must mirror the community and reflect the various distinctive groups in the population."  *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975) (emphasis added).  Consequently, Petitioner has failed to establish a violation of the fair-cross-section provision of the Sixth Amendment.

The ninth habeas claim alleges that the trial court deprived Petitioner of his rights to due process and a proportionate sentence when the court exceeded the sentencing guidelines of ten to twenty-five years.  The Court rejected this claim because the contention that a trial court exceeded the sentencing guidelines is a matter of state law, *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.), and "federal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

The Court also explained that "the Eighth Amendment contains no proportionality guarantee."  *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991).  Petitioner's sentence of forty to sixty years for second-degree murder was legal under state law and neither "extreme" nor "grossly disproportionate" so as to violate the Eighth Amendment.  *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

Finally, although Petitioner alleges that the trial court sentenced him as though he were guilty of first-degree murder, the Michigan Court of Appeals determined that it was not improper under state law to consider whether Petitioner committed a more serious offense.  Because a sentencing court may consider a wide range of factors, including "conduct of which a defendant

has been acquitted," *United States v. Watts*, 519 U.S. 148, 153 (1997), this Court determined that Petitioner's sentence was not unconstitutional.

Petitioner has asked the Court in his pending motion to take notice of *Apprendi v. New Jersey*, 530 U.S. 466 (2002), and *Blakely v. Washington*, 542 U.S. 296 (2004). However, Petitioner did not rely on those cases in his habeas petition or on direct review of his convictions. Thus, the Court is not required to address the *Apprendi* and *Blakely* claims.

### III. Conclusion

Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. Accordingly, Petitioner's motion for a certificate of appealability [Doc. #41, Sept. 30, 2005] is DENIED. Petitioner, nevertheless, may apply to the Court of Appeals for a certificate of appealability. Fed. R. App. P. 22(b).

Petitioner is entitled to proceed *in forma pauperis* on appeal without further authorization because he was permitted to proceed *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3). Therefore, Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal [Doc. #42, Sept. 30, 2005] is GRANTED.

                    s/John Corbett O'Meara
                    John Corbett O'Meara
                    United States District Judge

Dated: October 20, 2005